U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
DEC 28 2011
CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELVIRA NEVAREZ     PLAINTIFF

v.     Case No. 11-5284

PINNACLE FOODS GROUP, INC.;
PINNACLE FOODS GROUP, LLC; and
PINNACLE FOODS CORPORATION     DEFENDANTS

## COMPLAINT

Plaintiff, Elvira Nevarez, by and through counsel, the Koch Law Firm, for her Complaint, states:

### PARTIES AND JURISDICTION

1. This is an action to secure a remedy for damages to an employee under the Family Medical Leave Act of 1993 (hereinafter "FMLA").

2. Plaintiff is a female resident of Washington County, Arkansas, and she was employed by Defendants in Washington County; this lawsuit arises from that employment relationship, and the events giving rise to this lawsuit occurred in Washington County, Arkansas.

3. Defendants Pinnacle Foods Group, Inc.; Pinnacle Foods Group, LLC; and Pinnacle Foods Corporation (hereinafter collectively referred to as "Defendants"); are foreign for-profit corporations acting as a common enterprise and authorized to do business in the State of Arkansas, and having a place of business in Washington County, Arkansas.

4. This Court has subject matter jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court also has personal jurisdiction over the parties, and venue is proper under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS OF FACT

5. Plaintiff was employed by Defendants in approximately January 1997 as a fulltime employee, and she remained a fulltime employee of Defendants until approximately April 29, 2010; Plaintiff worked for Defendants for more than 12 months prior to her separation from employment, and she worked more than 1250 hours in the twelve months preceding her separation from employment. Therefore, Plaintiff was an eligible employee as defined by the FMLA.

6. Defendants were at all times relevant to this action—and for each calendar week in the twelve months prior to Plaintiff's separation from Defendants—an employer with more than 50 employees within 75 miles of Plaintiff's worksite in Fayetteville, Arkansas; therefore, Defendants were at all times relevant to this action an employer controlled by the FMLA.

7. Plaintiff was at all times during her employment a satisfactory employee.

8. Prior to her termination, Plaintiff exercised her rights under the FMLA and took FMLA-qualifying leave; Plaintiff's employment was subsequently terminated by Defendants.

9. The only reason cited by Defendant for Plaintiff's termination was related to her FMLA-qualifying leave.

10. Defendant's acts and omissions, as stated herein, interfered with Plaintiff's rights under the FMLA.

11. Defendant acted in bad faith and maliciously terminated Plaintiff in retaliation for taking FMLA-qualifying leave.

## CAUSATION AND REMEDIES

12. As a direct and proximate cause of Defendants' acts and omissions as alleged herein, Plaintiff has suffered wage loss, loss of fringe benefits, and other compensatory damages;

also, Plaintiff has incurred expenses that she would not have otherwise incurred in such amounts to be proved at trial.

## JURY TRIAL DEMANDED

13. Plaintiff respectfully demands a trial by jury on all counts.

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against Defendants as follows:

(a) that Defendants intentionally, and with malicious or reckless indifference to her rights under federal and state law, interfered with Plaintiff's rights under the FMLA;
(b) that Plaintiff be awarded compensatory damages in an amount to be determined by a jury;
(c) that Defendants acted in bad faith;
(d) that Plaintiff be awarded liquidated damages;
(e) that Plaintiff be awarded reasonable attorney fees and costs of litigation;
(f) that Plaintiff be awarded pre-judgment interest;
(g) that Plaintiff be awarded front pay;
(h) that Plaintiff be awarded injunctive and declaratory relief, including reinstatement to her job, and
(i) that Plaintiff be awarded such other relief as this Court may deem just and proper.

Respectfully submitted,

Koch Law Firm
2024 Arkansas Valley Drive, Suite 707
Little Rock, Arkansas 72212
(501) 223-5310 office
(501) 223-5311 facsimile
reggie@reggiekoch.com

By: _____
Reggie Koch, Ark. Bar #2005125